**FILED**

JAN 14 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD S. PAINTER #02473-079
   Petitioner, Low/unit VA
   P.O.B 26020
v  Beaumont, TX. 77720

UNITED STATES
ATTORNEY GENERAL
   Respondent.

Case: 1:08-cv-00072
Assigned To : Bates, John D.
Assign. Date : 1/14/2008
Description: Habeas Corpus/2255

Motion for Consideration For Early Release
Pursuant To Title 28 U.S.C. Section 2241(a)

    COMES NOW, Petitioner Richard S. Painter, acting pro se in the above matter.

    The Petitioner, Richard S. Painter, is an inmate at a Federal Correctional Institution. The Petitioner's Statutory and Due Process rights have been violated by the Federal Bureau of Prisons (B.O.P.) when they unconstitutionally denied him early release eligibility under 18 U.S.C. section 3621(e), the Equal Protection Clause, and Due Process Clause of the Fifth Amendment. An inmate who was sentenced to a term of imprisonment pursuant to the provisions of Chapter 227, subchapter (D) for a not-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

1

The five-hundred (500) hour inpatient treatment program offered within the designated facilities is an intensive drug treatment program which Congress enacted to address the growing concern. As an incentive, Congress authorized a sentence reduction for those who completed the program. It is for this reason petitioner appeals to this Honorable Court for consideration for early release.

### Jurisdiction Of The Court

This Court has jurisdiction over this action pursuant to 28 U.S.C. section 2241 because the petitioner's term in federal custody is being determined in violation of the United States Constitution and the Laws of the United States.

The Petitioner also invokes the jurisdiction of this court pursuant to 28 U.S.C. section 1331, in that the action arises out of the Constitution and Laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. section 1343(4), in that the petitioner seeks to redress the deprivation or right guaranteed by both the Constitution and Federal Statutes.

### PARTIES

The petitioner is presently confined at a Federal Correctional Institution pursuant to a judgment of the United States District Court for the Southern District of Texas.

2

The Warden of the Federal Correctional Institution and through the Federal Bureau of Prisons, an agency of the United States Department of Justice, is responsible for the petitioner's custody and his term of confinement.

## Statement Of The Case

On May 7, 2003, the Honorable Judge Janis Jack for the United States District Court for the Southern District of Texas sentenced the petitioner to a term of imprisonment for 115 months upon his conviction for Possession with Intent to Distribute Methamphetamine and for Possession with Intent to Distribute Cocaine, Case No. 2:01CR00190-001. Petitioner has been in custody in connection with this offense since April 3, 2002.

## Statement of Law

Title 18 U.S.C. section 3621(e) provides "that every prisoner with a substance abuse problem [shall] have the opportunity to participate in appropriate substance abuse treatment . . . ." In 1994, as an incentive to prisoners to seek treatment, Congress made one-year sentence reductions available to prisoners convicted of nonviolent offenses who successfully completed the substance abuse treatment programs, 18 U.S.C. section 3621(e)(2)(B). As a result, in 1995, the B.O.P. published a regulation to implement the early release incentive and defined a "nonviolent offense" to exclude any conviction accompanied by the possession of a firearm or other dangerous weapons. The Ninth Circuit rejected B.O.P.'s interpretation, holding that the B.O.P. cannot define "nonviolent offense" to exclude firearm possession when Congress defines "nonviolent offense in the opposite

3

way. <u>Davis v Crabtree</u>, 109 F. 3d 566, 569 (9th Cir. 1997); see also <u>Downey v Crabtree</u>, 100F. 3d 662, 667 (9th Cir. 1996).

   Accordingly, the B.O.P. promulgated an interim regulation on October 9, 1997, and made the regulation effective on October 15, 1997. See 28 C.F.R. section 550.58(a)(1)(VI)(B) (1997); 62 F. 3d Reg. 53, 690; P.S. 5162.04 (Oct. 9, 1997); P.S. 5330.10 (Oct. 9, 1997). The (1997) interim regulation made ineligible for the early release incentive to those prisoners currently incarcerated for an offense that involved the possession, use, or carrying of a firearm 28 C.F.R. section 550.58(a)(1)(VI))(B). Relying instead on its discretion rather than on an interpretation of the term "nonviolent offense", the B.O.P's (1997) rule and program statements exclude exactly the same prisoners from early release eligibility who were ineligible under the old rules <u>Id.</u>

   But the Courts have upheld the exercise of the B.O.P.'s discretion on rule and program statements and policies were invalid because they were not implemented in accordance with the notice and comment provisions of the Administrative Procedures Act (APA). <u>Lopez v Davis</u>, 531 U.S. 230, 244, 121 S.Ct. 714 148 L.Ed 2d 635 (2001); <u>Grassi v Hood</u>, 251 F. 3d 1218, 1221 (9th Cir. 2001); <u>Bower v Hood</u>, 202 F.3d 1211 (9th Cir. 2000) rev'g <u>Gavis v Crabtree</u>, 28 F. Supp. 2d 1264 (D. Or. 1998) (holding that the B.O.P.'s new interpretation conflicted with the unambiguously expressed intent of Congress, meriting no defense). On December 22, 2000, the B.O.P. replaced the (1997) interim regulation with a final regulation, which adopted the (1997) regulation without any change. See 65 Fed. Reg. 80, 745. See in <u>Bohner v Daniels</u>, 243 F. Supp. 2d 1171 (D. Or. 2003) that the (1997) rules were invalid because they were promulgated in violation

4

of the APA. In the Ninth Circuit Court of Appeals it was held <u>Paulsen v Daniels</u>, that the B.O.P. "**plainly** violated the APA in its promulgation of the (1997) interim regulation" and that because the effect of the regulation was to deny petitioner's sentence reduction, the petitioners clearly had sustained an injury in fact affording him standing. <u>Id.</u> at 1004, 2005 WL1523204,*3.

Here, Petitioner, Richard S. Painter, was convicted of a nonviolent offense and claims he is eligible for reduction of his period of custody under 18 U.S.C. section 3621(e).

The Petitioner has filed for Habeas Corpus relief under 28 U.S.C. 2241, that the Bureau violated the APA, and that the violation was not harmless. Therefore, the <u>Question of Remedy.</u> "Ordinarily when a regulation is not promulgated in compliance with the APA, the regulation is invalid". <u>Idaho Farm Bureau</u>, 58F. 3d at 1405 (9th Cir. 1987); See <u>W.C. v Bower</u>, 807 F.2d 1502, 1505 (9th Cir. 1987), amended by, 819 F.2d 237 (9th Cir. 1987); <u>Buschmann</u>, 676 F.2d at 355-56; <u>Western Oil & Gas Ass'n v EPA</u>, 633 F.2d 803, 813 (9th Cir. 1980); See also <u>Grier</u>, 46 Fed. APPx. at 439 n.z.

## Conclusion

Therefore, for these reasons Petitioner's petition for Writ of Habeas Corpus should be granted and an order be given to the B.O.P. deeming the petitioner eligible for a reduction of his period of custody upon petitioner's successful completion of the D.A.P. program. The B.O.P. shall grant a reduction of one year from the petitioner's sentence.

Respectfully submitted this 12th day of January, 2008.

*Jack M. Painter*
Jack M. Painter
Power of Attorney
for Richard S. Painter

Richard S. Painter
02473-079
Low/Unit VA
P.O. Box 26020
Beaumont, Texas 77720-6020

Jack M. Painter
P.O. Box 8872
Corpus Christi, Texas 78468-8872

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Richard S. Painter | USAG |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PA)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T___

Case: 1:08-cv-00072
Assigned To : Bates, John D.
Assign. Date : 1/14/2008
Description: Habeas Corpus/2255

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☒ G. *Habeas Corpus/ 2255*<br><br>☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 - Writ of Habeas Corpus

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE 1-14-08  SIGNATURE OF ATTORNEY OF RECORD  NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.